**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 65**

Docket No. AT-0752-13-7245-I-1

**Gary S. Blatt,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

August 19, 2014

Gary S. Blatt, Columbia, South Carolina, pro se.

Eric J. Teegarden, Esquire, Fort McCoy, Wisconsin, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the initial decision which sustained his removal. For the reasons discussed below, we GRANT the appellant's petition for review and REVERSE the initial decision. The removal is NOT SUSTAINED.

## BACKGROUND

¶2      The appellant was formerly employed as a GS-9 Physical Security Compliance Inspector, a position which required him to obtain and maintain a security clearance. Initial Appeal File (IAF), Tab 4 at 59-65. By memorandum

of April 22, 2013, the Department of Defense Consolidated Adjudications Facility (DoDCAF or CAF), Army Division, notified the appellant of its intent to revoke his security clearance. *Id.* at 45-46. With the notice, the DoDCAF provided instructions for responding to the memorandum and a statement of reasons explaining the basis for the proposed revocation,[1] *id.* at 47-58, to which the appellant responded, *id.* at 32-44. On July 12, 2013, the DoDCAF advised the appellant that, although several matters at issue related to his personal conduct were mitigated by his response, he still posed a security concern and that his security clearance had been revoked. *Id.* at 28. On July 25, 2013, the agency proposed to remove the appellant for failure to maintain a condition of employment, specifically, a security clearance. *Id.* at 25-26. On August 22, 2013, the agency issued a decision that upheld the proposal, warranting the appellant's removal, effective August 30, 2013. *Id.* at 16-17. The appellant elected to voluntarily retire that same day. *Id.* at 15.

¶3    On appeal,[2] the appellant challenged the removal on the basis that the agency had not yet made a final determination on his security clearance and that the matter was still under reconsideration. *Id.*, Tab 1 at 5, 8. He requested a hearing. *Id.* at 2. Thereafter, the administrative judge issued an initial decision affirming the agency's action. *Id.*, Tab 15, Initial Decision (ID) at 1, 6. He found that: the agency had proven the charge, it had complied with the procedural requirements of 5 U.S.C. § 7513(b) in implementing the action, and, in the absence of any evidence of an official agency policy regarding

---

[1] The stated reasons were that, on a Standard Form 86, Questionnaire for National Security Positions, the appellant had answered "no" to questions regarding his financial record but he had delinquent debt. IAF, Tab 4 at 47.

[2] Because the agency had already issued its decision to remove the appellant, the Board retained jurisdiction over that action, despite the appellant's retirement. 5 U.S.C. § 7701(j); *Mays v. Department of Transportation*, 27 F.3d 1577, 1579-81 (Fed. Cir. 1994).

reassignment, the Board lacked authority to review the agency's efforts, or lack thereof, to reassign the appellant. ID at 4. The administrative judge considered the appellant's claim that the agency committed harmful error by not allowing him to pursue or complete additional agency processes to contest his security clearance revocation but found that he did not show that the agency erred or that any such error caused substantial prejudice to his rights. ID at 4 n.2.

¶4 On petition for review, the appellant argues that the agency failed to comply with its own procedures in effecting the action. Petition for Review (PFR) File, Tab 1 at 6-10. The agency has responded in opposition to the appellant's petition. *Id.*, Tab 3.

## ANALYSIS

The appellant has shown good cause for the untimely filing of his petition for review.

¶5 The finality date of the initial decision was February 12, 2014. ID at 6. The appellant filed his petition for review on March 14, 2014. PFR File, Tab 1; 5 C.F.R. § 1201.4(*l*). He acknowledged its untimeliness but stated that he did not receive the January 8, 2013 initial decision until March 12, 2014, PFR File, Tab 1 at 5, explaining that the Board had sent it to an email account that is no longer in existence, that he only learned of it from a third party in the course of another matter, that he "frantically" called the regional office, that an employee mailed him a copy of the decision, and that, upon its receipt, he promptly filed the petition for review, *id*. at 1. The appellant provided evidence to show that, during the proceeding below, the administrative judge, in summarizing a telephonic status conference, noted the appellant's statement that he had not received either of the Board's orders due to his having erroneously registered as an e-filer using his former agency email address and that he wished to convert to being served by regular mail. The administrative judge granted the request. *Id*. at 2; IAF, Tab 8. Notwithstanding, the record reflects that the initial decision was served on the appellant by electronic mail. IAF, Tab 16. Under the circumstances, we find that

the appellant, who has at all times appeared pro se before the Board, acted with due diligence upon his actually receiving the initial decision, and that he has established good cause for the untimely filing of his petition for review. 5 C.F.R. § 1201.114(f); *see Miller v. Department of the Army*, 112 M.S.P.R. 689, ¶ 13 (2009).

The appellant has established harmful error by the agency in the application of its procedures.

¶6        Generally, in an appeal of an adverse action based on the denial or revocation of a security clearance, the Board may only review whether: (1) the employee's position required a security clearance; (2) the clearance was denied or revoked; and (3) the employee was provided with the procedural protections specified in 5 U.S.C. § 7513. *Hesse v. Department of State*, 217 F.3d 1372, 1376 (Fed. Cir. 2000) (citing *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988)). Here, it is undisputed that the appellant's position required a security clearance, that his clearance was revoked, and that the agency provided him the procedural protections required by statute.

¶7        However, section 7513 is not the only source of procedural protections for employees subject to adverse actions; agencies must also comply with the procedures set forth in their own regulations. *Romero v. Department of Defense*, 527 F.3d 1324, 1328 (Fed. Cir. 2008). Under 5 U.S.C. § 7701(c)(2)(A), the Board may not sustain an adverse action decision if the employee can show "harmful error in the application of the agency's procedures in arriving at such decision." As such, the Board may review whether the agency complied with its own procedures for revoking a security clearance, *Romero*, 527 F.3d at 1329, and for taking an adverse action based on such revocation, *Schnedar v. Department of the Air Force*, 119 M.S.P.R. 246, ¶ 9 (2013).

¶8        Chapter 8 of DoD 5200.2-R sets forth agency procedures relating to an "unfavorable administrative action," including an adverse action taken as a result of a personnel security determination. DoD 5200.2-R, C8.1.1. With exceptions

not relevant here, section C8.2.2 provides that "no unfavorable administrative action shall be taken under authority of this Regulation" unless the individual concerned has been afforded the procedures set forth in C8.2.2. These procedural benefits include the provision of a statement of the reasons for the unfavorable administrative action, the opportunity to respond to the CAF, a written decision from the CAF stating the final reasons for the unfavorable administrative action, the opportunity to appeal to the relevant Personnel Security Appeals Board (PSAB), and a written decision from the PSAB. DoD 5200.2-R, C8.2.2.

¶9 Here, the agency's written decision from the DoDCAF revoking the appellant's security clearance did not state the final reasons for the revocation because it specifically provided that he could request the DoDCAF to reconsider his case if he had additional mitigating information directly related to the determination that had not been previously considered, and he timely chose to exercise that option. IAF, Tab 4 at 29. He was also advised that, if he chose to seek reconsideration, the information provided in paragraphs 4 and 5 of the decision, regarding his right to appeal the revocation either to the PSAB or by requesting a personal appearance before a Defense Office of Hearings and Appeals Administrative Judge, "do not apply at this time." *Id.* On July 18, 2013, the appellant timely chose the reconsideration option, indicating that he would submit additional information within 30 days and requesting that the DoDCAF review it before making a final decision to revoke his security clearance. *Id.* at 27. During adjudication, the appellant submitted a copy of a letter dated November 26, 2013, from the DoDCAF Director to U.S. Senator Lindsey O. Graham who had inquired on behalf of the appellant. *Id.*, Tab 13 at 6-7. In the letter, the DoDCAF Director explained that his office had received notification from the agency that the appellant had been removed from his position, effective August 30, 2013, and that the Director was unable to comment on the removal. *Id.* at 6. He went on to say, however, that the DoDCAF had reconsidered the appellant's case, including the additional information he had provided through his

command that was received in the DoDCAF office on August 6, 2013; that it had determined that the appellant provided sufficient information and supporting documentation to explain and/or mitigate the security concerns involved in his case; and that the Joint Personnel Adjudication System had been updated to reflect the appellant's favorable eligibility determination, effective November 25, 2013. *Id.*

¶10     The DoDCAF's offer to the appellant that he could request reconsideration of its decision to revoke his security clearance, its statement that, if he did so, he could not appeal the decision to the PSAB "at this time," IAF, Tab 4 at 29, the fact that he did request reconsideration, and that the DoDCAF considered his timely-filed request and the accompanying submission and found it compelling enough to change its determination, all establish that the July 12, 2013 decision to revoke the appellant's security clearance did not, in fact, state the "final" reasons for the unfavorable administrative action or otherwise constitute a "final response" as required by DoD 5200.2-R, C8.2.2.3. By the time the DoDCAF provided the appellant a final response, one that considered his request for reconsideration and the accompanying submissions, as it had offered him, he had already been removed for 3 months. Because the appellant had not received all the procedural benefits guaranteed under section C8.2.2, the removal action was taken in violation of section C8.1.1. The error was plainly harmful because, if the agency had complied with its regulations, it first would have waited until it reviewed the information the appellant submitted with his reconsideration request. Then, based on that information, the agency would have found, as it did find, that its security concerns were explained and/or mitigated, and it would have afforded him a favorable eligibility determination. Under these circumstances, the agency would have had no basis upon which to remove the appellant. *Gray v. General Services Administration*, 109 M.S.P.R. 285, ¶ 10 (2008). Consequently, the action cannot be sustained.

ORDER

¶11 We ORDER the agency to cancel the appellant's removal and to restore him effective August 30, 2013. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶12 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶15 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision

are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

¶16      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT
### REGARDING YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or  38 U.S.C. § 4324(c)(4).    The regulations may be found at 5 C.F.R. §§ 1201.201,  1202.202,  and  1201.203.    If  you  believe  you  meet  these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held

that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.

| | **DFAS CHECKLIST** |
|---|---|
| | **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

a. Outside earnings with copies of W2's or statement from employer.
b. Statement that employee was ready, willing and able to work during the period.
c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.